IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LEDELL LEE, ADC # 97101; JASON McGEHEE;
STACEY JOHNSON; MARCEL WILLIAMS;
and KENNETH WILLIAMS                                                                PLAINTIFFS

v.                          No. 4:17-cv-194-DPM
                            No. 4:17-cv-195-DPM
                            No. 4:17-cv-196-DPM
                            No. 4:17-cv-198-DPM
                            No. 4:17-cv-199-DPM

ASA HUTCHINSON, in his official capacity as
Governor of Arkansas; WENDY KELLEY, in her
official capacity as Director of the Arkansas
Department of Correction; JOHN FELTS, JOHN
BELKEN, ANDY SHOCK, DAWNE BENAFIELD
VANDIVER, JERRY RILEY, ABRAHAM
CARPENTER, JR., and LONA H. McCASTLAIN,
all in their official capacities as Members
of the Arkansas Parole Board                                                         DEFENDANTS

JACK HAROLD JONES, JR.                                                               INTERVENOR

ORDER

1. Marcel Williams moves again for a preliminary injunction stopping his execution, № 40. It's scheduled for 24 April 2017. Williams is proceeding by himself this time, but without waiving all the arguments made by all the plaintiffs earlier in this consolidated case. Williams's new papers raise only one issue: prejudice from the one-hour limit on his clemency hearing, which

deviated from the two hours prescribed by Parole Board regulations. In-person testimony from three cousins about Williams's traumatic childhood, from one of his trial lawyers about their failure to make the mitigation case that Judge Holmes found compelling, and from a law professor expert about the consequences of Williams's lawyers' failures—all this, Williams says, probably would have garnered him two more votes from Parole Board members, and thus a clemency recommendation. The embedded request to supplement the complaint is denied as unnecessary; Williams has made his record with the amended motion and supporting materials. The Court has received, and appreciates, the State Defendants' expedited response, № 43.

**2.** All material things considered, Williams's amended motion for a preliminary injunction is denied. *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013).

First, Williams is certainly right that, at the end of the hearing, after denying the motion for an injunction, this Court left the gate open to supplement the record on prejudice. On the hearing-length issue, though, the Court's first and specific ruling was that a meaningful one-hour hearing did not—in and of itself—violate the minimum of due process that the U.S. Constitution requires in the circumstances. *Ohio Adult Parole Authority v.*

*Woodard*, 523 U.S. 272, 288-90 (1998) (O'Connor, J., concurring); *Winfield v. Steele*, 755 F.3d 629, 630-31 (8th Cir. 2014) (en banc). In other words, the Board's deviation from the regulations' two-hour provision, though a violation of Arkansas law, did not cut so deeply that it necessarily violated the Constitution. *Woodard, supra; Meis v. Gunter*, 906 F.2d 364, 368-69 (8th Cir. 1990). Instead, the Court had to consider all the hearing circumstances to figure out whether Williams got due process.

Next, Williams didn't use all of his hour. His presentation to the Board lasted forty minutes. Board Chairman Felts had told counsel not to exceed one hour. And good lawyers tailor their case to conform to the arbiter's procedures. Williams's lawyer had to scramble in the days before the hearing to edit down a planned video presentation, and he apparently abandoned a plan to call some family members in person. But Williams's prejudice argument would be stronger if he'd used all his time; it would be stronger still if he'd then made a record of what more could have been said in a second hour. At the start of the hearing, Williams made a general objection to the rushed clemency process, but didn't object specifically to the time limit or argue that it had bob-tailed his presentation.

What about the additional witnesses now proposed? In one sense,

they're not additional. The cousins were in the video Williams presented to the Board; and their full testimony before Judge Holmes was submitted to the Board in writing with Williams's clemency petition, as was Judge Holmes's eloquent opinion about Williams's troubled childhood, and his forty-page summary of all the testimony in the evidentiary hearing he held some years ago. A video from trial counsel was also attached to the clemency petition. Proposed testimony from the law professor would be new. Spoken words can be more powerful than written ones. So Williams's main point is that more testimony from his family witnesses, in person, would likely have convinced more Board members to vote for mercy. As Chairman Felts testified, these were difficult cases, on which the Board held multiple rounds of deliberations. The Board divided, for example, 5-2 in Williams's case.

As the defendants argue, there's another Board regulation in play, and it works against Williams's new motion. Each petitioner is limited to four speakers at the hearing: himself, his lawyer, and two witnesses. Williams and the other plaintiffs have not challenged this limitation. Nor have they shown that the Board routinely waives it. At Williams's hearing, he, his lawyer, one of his elementary school teachers, and one of his rape victims spoke. That's four. Williams also played the thirteen-minute video, which included his

cousins. It distilled many hours of interviews. More hearing time would have allowed a longer video, though how long is unclear. Adding family members in person would have required subtracting Williams's teacher or the rape victim—a woman who gave powerful (albeit brief) testimony that she'd forgiven him, pleading with the Board to commute his sentence so Williams could be a Christian example in prison for the rest of his life. It's part of the lawyer's art to make hard judgments about which witnesses to call and what ground to cover. But the unchallenged four-speaker rule, not the one-hour limit, made it a mathematical impossibility for Williams to present all the witnesses he now proposes.

In his new filing, Williams has shown some prejudice from the one-hour limit. His preparations were discombobulated at the last minute. With two hours, he could have presented family members in person and presented a longer video, perhaps covering the rape victim's plea for commutation and the teacher's remarks there. But these would be refinements at the margin. Williams has not shown sufficient prejudice to undermine the basic fairness of his hearing. He had a meaningful opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 332–35 (1976). In persons and in papers and in videos, he presented his entire story. Though no petitioner knew it in advance, the

Board's one-hour limit had some flexibility in the moment, as shown by the one hour and fifteen minutes allowed Kenneth Williams. There's still no suggestion, much less an argument, that the Board members were anything less than impartial, careful, and fair. Williams faces irreparable harm from his execution; but he has not shown a significant possibility that he can prevail on his due process claim about the one-hour hearing limit. In these circumstances, neither the balance of the equities nor the public interest favors a stay for Williams to litigate further about the clemency process. *Kroupa*, 731 F.3d at 818.

\* \* \*

Motion, № 40, denied.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

18 April 2017