FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
APR 20 2017
JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LEDELL LEE, ADC # 97101; JASON McGEHEE;
STACEY JOHNSON; MARCEL WILLIAMS;
and KENNETH WILLIAMS                                           PLAINTIFFS

v.          No. 4:17-cv-194-DPM
            No. 4:17-cv-195-DPM
            No. 4:17-cv-196-DPM
            No. 4:17-cv-198-DPM
            No. 4:17-cv-199-DPM

ASA HUTCHINSON, in his official capacity as
Governor of Arkansas; WENDY KELLEY, in her
official capacity as Director of the Arkansas
Department of Correction; JOHN FELTS, JOHN
BELKEN, ANDY SHOCK, DAWNE BENAFIELD
VANDIVER, JERRY RILEY, ABRAHAM
CARPENTER, JR., and LONA H. McCASTLAIN,
all in their official capacities as Members
of the Arkansas Parole Board                                    DEFENDANTS

JACK HAROLD JONES, JR.                                          INTERVENOR

## ORDER

Lee's amended motion for a preliminary injunction, № 49, is denied. The State Defendants' motion to strike, № 51, is denied too. First, Lee and the other plaintiffs have appealed this Court's original ruling on their first motion for a preliminary injunction; and this Court doesn't have jurisdiction to reach the issues pending in the Court of Appeals. Second, though this Court has power to act based on new facts submitted, Lee's renewed request for an

injunction on this basis fails on the merits.

His request is much belated, coming as it did on the day before his scheduled execution. That timing weighs against granting relief. *Hill v. McDonough*, 547 U.S. 573, 584–85 (2006); *McGehee v. Hutchinson*, No. 17-1804, slip op. at 4 (8th Cir. 17 April 2017). Lee's amended motion is an expanded argument about why he was prejudiced by the compressed clemency process; the calendar, he says, didn't allow his current lawyers to make many new points about what his former lawyers did wrong at every stage of the case. Without using the words, he's arguing ineffective assistance of clemency counsel. As the Court has already ruled, though, the Constitution doesn't guarantee counsel as part of the due process minimum during clemency proceedings. *Gardner v. Garner*, 383 Fed. App'x 722, 728–29 (10th Cir. 2010). The lawyer-challenges claims therefore fail as a matter of law. Alternatively, the new materials make out no solid claim that the State Defendants so interfered with Lee's lawyers' clemency work that the circumstances amounted to a due process violation. The clemency process in Lee's case was, as the Court has said, imperfect and sometimes shoddy. But Lee hasn't sufficiently connected those defects with his lawyers' not uncovering or presenting the new information about neuropsychological deficits, mitigation

-2-

stumbles, and DNA testing before now. Weighing and balancing all the material considerations, *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013), Lee's latest arguments do not support a preliminary injunction related to the clemency process.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

20 April 2017