IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LEDELL LEE, ADC # 97101; JASON McGEHEE;
STACEY JOHNSON; MARCEL WILLIAMS;
and KENNETH WILLIAMS                                                    PLAINTIFFS

v.                       No. 4:17-cv-194-DPM
                         No. 4:17-cv-195-DPM
                         No. 4:17-cv-196-DPM
                         No. 4:17-cv-198-DPM
                         No. 4:17-cv-199-DPM

ASA HUTCHINSON, in his official capacity as
Governor of Arkansas; WENDY KELLEY, in her
official capacity as Director of the Arkansas
Department of Correction; JOHN FELTS, JOHN
BELKEN, ANDY SHOCK, DAWNE BENAFIELD
VANDIVER, JERRY RILEY, ABRAHAM
CARPENTER, JR., and LONA H. McCASTLAIN,
all in their official capacities as Members
of the Arkansas Parole Board                                            DEFENDANTS

JACK HAROLD JONES, JR.                                                  INTERVENOR

ORDER

Williams's amended motion for a preliminary injunction stopping his execution, № 62, is denied. *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013). Williams is unlikely to prevail on his new argument about lack of notice to the Greenwood family. The Parole Board didn't stumble by not notifying the Greenwoods about Williams's clemency hearing.

First, as the State Defendants argue, the statute only requires notice to the capital murder victim's next of kin, and only if they request notice. ARK. CODE ANN. § 16-93-204(d)(2)(A). Williams is right that Greenwood's death in the traffic accident was in the mix. A perfect statute would require notice to all the victims, and affected family members, of a clemency applicant. This one, though, only requires notice to the victim or family of "the crime" that resulted in the sentence on which the prisoner is seeking mercy. *Ibid.* The Boren family got notice.

Second, and in any event, Ark. Code Ann. § 16-93-204(d) must be read as a whole, not in pieces. The clemency hearing notice must be joined with the solicitation of the family's recommendation on clemency. ARK. CODE ANN. § 16-93-204(d)(5)(A) & (B). But the statute requires solicitation of a recommendation only "if [the next of kin] files a request for notice with the prosecuting attorney." ARK. CODE ANN. § 16-93-204(d)(2)(A) & (B). The statute imposes no free-standing obligation on the Board to give notice of clemency hearings to all victims or their families, irrespective of whether notice has been requested or not. The Greenwoods, it's undisputed, never requested notice.

These clemency proceedings were, as the Court held, marred by procedural errors. Of course it would have been better if the Greenwood family would have appeared and expressed their views with the Boren family. But the record does not show that the Greenwoods requested notice of clemency proceedings. And they were not the next of kin of the victim that Williams was convicted of murdering. The Parole Board had no statutory obligation in these circumstances to notify this family. Therefore, the Greenwoods' letter of today to Governor Hutchinson urging clemency does not change the Court's 7 April 2017 ruling, № 32 & 36, about due process in these circumstances. Williams got the process the Constitution requires.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

27 April 2017